UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKERIDGE CONDOMINIUM OWNERS' ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>**JURY DEMAND** |

Plaintiff Lakeridge Condominium Owners' Association, by and through its attorneys, Miller McIsaac & Ashbaugh, for its Complaint alleges as follows:

I.   PARTIES, JURISDICTION & VENUE

1.   Plaintiff Lakeridge Condominium Owners' Association (the "Association"), is a Washington non-profit corporation that is incorporated in the state of Washington and is established as the unit owners' association for the Lakeridge condominiums, located in Bellingham, Washington.

2.   Defendant State Farm Fire & Casualty Company ("State Farm") issued policies of property insurance to the Association in the state of Washington, including but not limited

COMPLAINT - 1

MILLER MCISAAC & ASHBAUGH PLLC
3213 W. Wheeler Street, #1050
Seattle, WA  98199 – 206-219-1909

to Policy Nos. 98-EX-2794-4 and 98-EM-F618-0. Upon information and belief, State Farm's home office is located in Illinois.

3. State Farm is not a Washington corporation, and its home office is in Illinois. State Farm is not a citizen of the state of Washington.

4. The real estate that is the subject of this action is located in Whatcom County. State Farm does business in Whatcom County.

5. This Court has subject matter and personal jurisdiction over this action and the parties hereto. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the Association is a citizen of the state of Washington and State Farm is a citizen of a different state, and the amount in controversy in this lawsuit, exclusive of fees, costs and interest, exceeds $75,000.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, the real estate which is the subject of this action is located in Whatcom County, and State Farm does business in Whatcom County.

## II.    FACTUAL BACKGROUND

7. The Association's condominium (the "Condominium") is made up of eight two-story buildings housing 45 residential units. The Condominium is located at 1 Lake Louise Drive in Bellingham, Washington, and was built around 1974.

8. State Farm provided all-risk property insurance policies to the Association between 2002 and 2006 and again between 2023 and 2024. Each of those policies covers all loss or damage to the Condominium, unless such loss or damage is expressly excluded under the terms of that policy.

9.      Recently, the Association became aware of hidden damage at the property. This damage is and/or relates to, among other things, water intrusion damage and/or damage resulting from penetration by water through the buildings' exteriors and/or wind-driven rain damage. This damage (and the repairs associated with it) involves direct physical loss to the covered property that is not excluded by the terms of the insurance policies at issue and is therefore covered.

10.     On or around September 19, 2024, the Association notified State Farm in writing of the losses at the Condominium and of a claim for insurance coverage and benefits associated with those same losses. This notice contained a report by J2 Building Consultants of damage to the covered property sufficient to trigger the coverage grant contained in the policies at issue. This notice was also written notification of claim under WAC 284-30-370.

11.     In response to that notice, State Farm was required to undertake a reasonable investigation into the nature and extent of the loss and the Association's claim. State Farm owed quasi-fiduciary duties to the Association in relation to the investigation and adjustment of the claim, requiring State Farm, among other things, to be fair and reasonable in the investigation of the Association's claim and to be neutral arbiters when resolving issues of coverage.

12.     On or about August 6, 2025, State Farm issued a final written coverage determination, through which State Farm denied coverage for the Association's claim. State Farm's final coverage determination unreasonably denied coverage and benefits owed under State Farm's policies.

13.     On or about August 14, 2025, the Association sent State Farm an Insurance Fair Conduct Act notice under RCW 48.30.015(8)(a), through which the Association stated its

1  intent to make a claim under IFCA for State Farm's unreasonable denials of coverage and
2  benefits in the event that State Farm failed to resolve the basis of the claim within the 20-day
3  period prescribed by statute. On or about September 2, 2025, State Farm responded to the
4  Association's IFCA notice.

5     14.   State Farm failed to resolve the basis of the claim, and the Association now
6  brings suit against State Farm.

### III. CAUSES OF ACTION

#### A. Cause of Action 1: Declaratory Relief

15.   The Association is entitled to declaratory relief adjudicating the respective rights and obligations of the parties with respect to the issues set forth above and all other issues regarding the rights and obligations of the parties under the policies of insurance issued by State Farm.

16.   By way of example but not by way of limitation, the policies issued by State Farm provide coverage for water intrusion damage and/or wind-driven rain damage, and State Farm is obligated to pay this coverage to the Association irrespective of whether it disagrees with the numerous decisions by courts in Washington that have held this to be the case.

#### B. Cause of Action 2: Breach of Contract

17.   Under the terms of the contracts of insurance entered into between the Association and State Farm, State Farm is required to pay for direct physical loss to the covered property that is not excluded under the terms of the policies.

18.   State Farm's denial of coverage for the Association's loss was unreasonable and constitutes a breach of its policies.

19. As a proximate result of State Farm's breaches, the Association has been damaged in an amount to be proved at time of trial, and State Farm is, therefore, liable for all damages arising out of its breaches.

### C. Cause of Action 3: Bad Faith

20. The policies of insurance issued by each of State Farm provide coverage for, inter alia, water intrusion damage and/or damage resulting from penetration by water through the buildings' exteriors and/or wind-driven rain damage.

21. In denying coverage, State Farm failed to abide the standards and law applicable to insurers in Washington for the investigation and adjustment of insurance claims.

22. State Farm's actions and/or inactions were unreasonable, unfounded, or frivolous. As such, State Farm is liable for its bad-faith conduct and all damages sustained by the Association as a result thereof, including but not limited to the coverage owed under State Farm's policies that it (unreasonably) refused to provide.

23. In addition, State Farm had an obligation to consider the interests of its policyholder equally with its own. This includes the obligation to construe ambiguities in the State Farm policies in favor of the policyholder. Under Washington law, ambiguities exist where a provision of the policy is subject to two reasonable constructions. A Washington courts already ruled State Farm's policies to mean something different than what State Farm contended when it denied this claim. Because State Farm decided to continue to advance its preferred interpretation rather than the interpretation that benefitted the Association as the policyholder (and held by a Washington court), State Farm unreasonably breached its obligation to construe the policy in favor of the policyholder.

### D. *Cause of Action 4: Breach of Consumer Protection Act*

24. State Farm's actions and/or inactions constitute per se and non-per se unfair and deceptive acts or practices as defined in Washington's Consumer Protection Act (RCW 19.86 et seq.). The Association has been damaged by State Farm's conduct in an amount to be proved at time of trial as a proximate result of such unfair and deceptive acts or practices. The Association's damages include but are not limited to the coverage owed under State Farm's policies that it (unreasonably) refused to provide.

### E. *Cause of Action 5: Insurance Fair Conduct Act*

25. The Association sent a notice to State Farm pursuant to RCW 48.30.015 by certified mail. More than 20 days have passed since that notice was sent, and State Farm has failed to resolve the basis of the claim. Given that State Farm unreasonably denied a claim for coverage, the Association has been harmed. The Association has rights to all damages available under RCW 48.30.015, including but not limited to the coverage owed under State Farm's policies that it (unreasonably) refused to provide.

26. In addition, State Farm had an obligation to consider the interests of its policyholder equally with its own. This includes the obligation to construe ambiguities in the State Farm policies in favor of the policyholder. Under Washington law, ambiguities exist where a provision of the policy is subject to two reasonable constructions. A Washington court already ruled State Farm's policies to mean something different than what State Farm contended when it denied this claim. Because State Farm decided to continue to advance its preferred interpretation rather than the interpretation that benefitted the Association as the policyholder (and held by a Washington court), State Farm unreasonably breached its obligation to construe the policy in favor of the policyholder.

## IV. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment in its favor against defendant as follows:

1. For declaratory relief consistent with the pleadings herein;

2. For monetary damages in an amount to be proved at trial;

3. For enhanced damages, attorneys' fees, and expert costs as allowed under the CPA and/or RCW 48.30.015;

4. For pre- and post-judgment interest;

5. For actual attorneys' fees and costs, pursuant to *Olympic Steamship v. Centennial*, *McGreevy v. Oregon Mutual*, or other applicable law; and

6. For such other and further relief as the Court may deem just and equitable.

DATED this 12th day of December, 2025.

                MILLER MCISAAC & ASHBAUGH PLLC

                By s/ Jesse D. Miller
                   Jesse D. Miller, WSBA #35837
                   jmiller@mma-law.com

                By s/ Zachary O. McIsaac
                   Zachary O. McIsaac, WSBA #35833
                   zmcisaac@mma-law.com

                By s/ Rebecca S. Ashbaugh
                   Rebecca S. Ashbaugh, WSBA #38186
                   bashbaugh@mma-law.com

                Attorneys for Plaintiff Lakeridge Condominium Owners' Association